**Frank OROBONO, Plaintiff,**

v.

**Delores KOCH, Michelle Koch, John Reilly, Esq., Defendants.**

**Civ. No. 97–6818.**

United States District Court,
E.D. Pennsylvania.

Dec. 9, 1998.

Stephen R. Bolden, Fell & Spalding, Philadelphia, PA, for Frank M. Orobono.

Robert C. Keller, Robert C. Keller and Associates, Upper Darby, PA, for Delores Koch and Michelle Koch.

Andrew J. Bellwoar, Media, PA, Jennifer L. Holsten, Thomas C. Gallagher, Holsten and Associates, Media, PA, for John Reilly.

## *MEMORANDUM/ORDER*

POLLAK, District Judge.

This is a case arising under 42 U.S.C. § 1983, in which the plaintiff, Frank Orobono, alleges that the defendants, Delores Koch, Michelle Koch and John Reilly, in bringing about the arrest of the plaintiff, conspired to violate his constitutional and civil rights. Defendant Reilly has moved for dismissal pursuant to Fed.R.Civ.P. 12(b)(6), contending that, as an assistant district attorney, he has absolute prosecutorial immunity for any participation in bringing about the plaintiff's arrest. By an opinion and order of September 22, the the plaintiff and defendant Reilly were directed to submit supplemental memoranda discussing the scope of Reilly's official involvement. Upon consideration of the parties original and supplemental papers,

---

1. This is especially true since the rationale of official immunity is that it allows the defendant to terminate a lawsuit against him without having to undergo the inconvenience of possibly protracted litigation to reach a result on the merits. *Cf. Kulwicki*, 969 F.2d at 1459 ("Official immunity represents the right not to stand trial, an entitlement which is lost if the official cannot appeal until the merits of the dispute are resolved." (citations omitted)).

I now conclude that the plaintiff has failed to provide sufficient factual or legal basis for the conclusion that Reilly, who is alleged to have directed a police officer to arrest the plaintiff, was "not acting in his prosecutorial role," *Kulwicki v. Dawson,* 969 F.2d 1454, 1467 (3d Cir.1992), and hence is not entitled to invoke prosecutorial immunity.

The relevant facts and procedural posture of this case have been already been set forth in this court's September 22 opinion, and thus need not be recited here.[1] The issue now to be determined is whether the conduct of defendant Reilly of which the plaintiff complains brings this case within the framework of the Court of Appeals' analysis in *Kulwicki, supra.* There the court opined that a prosecutor who had recused himself from a case was acting beyond the scope of his authority when he allegedly manufactured evidence. 969 F.2d 1454, 1467 (3d Cir.1992). The recusal in that case was evidence that the defendant prosecutor, Dawson, no longer had an official role in the prosecution of the plaintiff, Kulwicki.

Thus, in the instant case, the question is whether there is evidence that Reilly was not officially involved in Orobono's arrest. If Reilly had neither authority for, nor responsibility over, the police officers who arrested the plaintiff, as evidenced by, *inter alia,* statutes, regulations, operating procedures or the customary practices of his office, then it would be reasonable to conclude that he had no *official* involvement with the arrest. However, the plaintiff has not come forward with support for such an inference.

The crux of the plaintiff's argument appears to be that Reilly either advised or demanded that Officer Smoak arrest Orobono without a warrant, and that in doing so he gave Smoak the (assertedly incorrect) legal advice that 18 Pa.S.C.A. § 2711 provided the officer with the necessary legal authority.

Plaintiff's Supplemental Memorandum at 7. Thus, plaintiff frames the issue as "whether informing, advising or demanding that Smoak make an arrest without a warrant (essentially a police function) is within the core functional responsibility of a prosecutor...." *Id.* However, as this court's previous opinion pointed out, ordering a suspect's arrest is well within the core function of a prosecutor. Nor does the fact that Reilly may have provided the arresting officer with incorrect legal advice bar the invocation of prosecutorial immunity.

Accordingly, defendant Reilly's motion to dismiss (docket # 6) is GRANTED and plaintiff Frank Orobono's claims against Defendant John Reilly are DISMISSED with prejudice.

---

1. In one respect the recital contained in the September 22 opinion was in error. In summarizing the allegations contained in the complaint, the opinion stated, with respect to the plaintiff's arrest, that "[a]lthough the police officers on duty initially declined to arrest Orobono because they felt they lacked adequate grounds for doing so, the officers changed their minds and did arrest the plaintiff after Delores Koch signed a private complaint against him." The statement that Delores Koch allegedly "signed a private complaint" against the plaintiff was incorrect. The complaint alleges that Delores Koch was ready to file such a complaint. This, however, became unnecessary because, so it is alleged, defendant Reilly directed a police officer to arrest Orobono.